**Filed 1/10/97**

# UNITED STATES COURT OF APPEALS

## TENCH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JERRY LYNN VARNELL,

      Defendant-Appellant.

No. 96-7036
(D.C. No. CR-90-25-1-S)
(E.D. of Oklahoma)

## ORDER AND JUDGMENT[*]

Submitted on the Briefs:

_____

Before **SEYMOUR**, Chief Judge; **PORFILIO** and **MURPHY**, Circuit Judges.

_____

The only issue presented by this appeal is whether appellant's attorney-client privilege was violated by the district court. In a hearing on revocation of supervised release, the court admitted testimony of a probation officer that she had been told by

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appellant's attorney that appellant had received a notice sent by the probation officer. Although he failed to raise the issue in the district court, appellant now contends admission of this testimony was plain error and the district court's order of revocation should be reversed. The argument is ingenious, but seriously faulted in several respects, not the least of which is that in his own testimony at the hearing appellant freely admitted all the allegedly privileged facts. Thus, the question presented to us is in reality a non-issue.

After conviction on several felony counts, Mr. Varnell was sentenced to a term of fifty-one months followed by three years of supervised release. Approximately fourteen months after the commencement of the supervised release term, a warrant charging Mr. Varnell with five violations of the conditions of supervision was served upon him. One of the alleged violations was his failure to report for scheduled office visits with the probation officer on December 11, 1995.

To establish Mr. Varnell had received the appointment letter notifying him of that meeting, the probation officer testified she had received a telephone call from an attorney representing Mr. Varnell "on a Social Security matter and [Mr. Varnell] had brought [the] appointment letter to her and left it." Mr. Varnell's then counsel interposed a hearsay objection, but no question of the now asserted privilege was raised. The objection was overruled, and the testimony allowed to stand.

During cross-examination, Mr. Varnell was asked about the appointment letter in this series of questions and answers:

> Q. And you had a Social Security attorney?
>
> A. Yes, sir.
>
> Q. And your Social Security attorney got that letter from you; didn't she?
>
> A. Yes, sir.
>
> Q. And that letter told you that [the probation officer] needed to meet with you; didn't it?
>
> A. Yes, sir.
>
> Q. And after you got that letter from [the probation officer] you didn't go meet with her; did you?
>
> A. No.

After the conclusion of all the testimony, the district court entered a written finding that "the defendant failed to report for probation office visit[] on . . . December 11, 1995." Coupled with findings of violation of four other conditions of supervision, the court concluded Mr. Varnell was subject to incarceration and sentenced him to imprisonment for two years.

On appeal, Mr. Varnell admits that if the alleged error is appealable, it must be plain error. So that he may establish the proverbial straw man, which he quickly vanquishes, appellant ignores his own admissions in an attempt to satisfy his appellate

burden. We need not go beyond those admissions to see there is no plain error in this case.

In addition, assuming the probation officer's testimony about the statements of the "Social Security attorney" could raise the doctrine of privilege, circumstances militate against its application here. For example, there is no evidence that the act of delivering the letter by Mr. Varnell to the attorney was assumed by him to be clothed with privilege. That is, there is no evidence the delivery was connected to the giving of legal advice or that it was made outside the presence of others. We do not believe it necessary to consider any additional points, however, because Mr. Varnell's own disclosure of the same facts contained in the testimony of the probation officer moots the issue and removes any consideration of the doctrine of privilege from this case.

**AFFIRMED**.


ENTERED FOR THE COURT


John C. Porfilio
Circuit Judge